Kane Moon (SBN 249834)
E-mail: *kmoon@moonlawgroup.com*
Christopher L. Garcia (SBN 306082)
E-mail: *cgarcia@moonlawgroup.com*
Tamar Chobanian (SBN 343815)
Email: *tchobanian@moonlawgroup.com*
MOON LAW GROUP, PC
725 South Figueroa Street, Suite 3100
Los Angeles, CA 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff
KATLYN COLOSIMO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATLYN COLOSIMO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALERE SAN DIEGO, INC., a Delaware Corporation; ABBOTT LABORATORIES, an Illinois Corporation, and DOES 1 through 25, inclusive, | Case No. 26CV0809 LL BLM<br><br>**PLAINTIFF KATLYN COLOSIMO'S OPPOSITION TO DEFEENDANT ALERE SAN DIEGO INC'S MOTION TO COMPEL (1) FURTHER RESPONSES TO SPECIAL INTERROGATORY NOS. 8 AND 10 AND REQUEST FOR PRODUCTION NOS. 28 AND 38, AND (2) COMPLIANCE WITH PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 39**<br><br>Action Filed:  April 18, 2025 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff, KATLYN COLOSIMO, ("Plaintiff") will, and hereby does, oppose Defendant Alere San Diego, Inc's ("Defendant") Motion To Compel (1) further responses to special interrogatory nos. 8 and 10 and request for production nos. 28 and 38, and (2) compliance with plaintiff's response to request for production no. 39.

This opposition is made following the meet and confer conference of counsel which took place on April 21, 2026, pursuant to this Court's Local Rule, a discovery conference with Magistrate Judge Cabral on May 11, 2026, and Plaintiff's offer to stipulate to limit her emotional distress damages to no more than garden variety, which Defendant rejected.

This opposition is made on the grounds that Defendant has not met their heavy burden of proof of establishing sufficient grounds to seek Plaintiff's mental health records, information relating to Plaintiff's primary care physicians for the past seven years, types of medical providers from whom she sought treatment during that period, authorization for the release of her primary care physician's records, and authorization for release of her records from California Employment Development Department ("EDD").

Defendant cannot and has not established good cause to seek such records and information because Plaintiff has expressly limited her claim to garden-variety emotional distress, disclaimed any reliance on therapy records, medical records, expert testimony, or treatment-related emotional distress damages, has amended her discovery responses to reflect the same and therefore has not placed her mental health treatment at issue. Accordingly, Defendant has not shown that Plaintiff's psychotherapy records or broad medical history bear on any claim or defense remaining in this action or that the requested discovery is proportional to the needs of the case.

This opposition is supported by the attached Memorandum of Points and

i

PLAINTIFF KATLYN COLOSIMO'S OPPOSITION TO DEFEENDANT ALERE SAN DIEGO INC'S
MOTION TO COMPEL

Authorities, the Declaration of Tamar Chobanian, exhibits, all pleadings filed in this matter, and such other argument and evidence as this Court may consider at or before the hearing, if any, of this opposition.

DATED: May 28, 2026                                MOON LAW GROUP, PC

                                                   By: /s/ Tamar Chobanian
                                                   Kane Moon
                                                   Christopher L. Garcia
                                                   Tamar Chobanian
                                                   Attorneys for Plaintiff
                                                   KATLYN COLOSIMO

**PLAINTIFF KATLYN COLOSIMO'S OPPOSITION TO DEFEENDANT ALERE SAN DIEGO INC'S MOTION TO COMPEL**

# TABLE OF CONTENTS

**I. INTRODUCTION** .......................................................................................1

**II. FACTUAL AND PROCEDURAL HISTORY** …….…………......................3

    **A.** Defendant Originally Proposed Resolving The Parties' Discovery Dispute Through A Garden-Variety Emotional Distress Limitation ………...……....3

    **B.** Plaintiff Formally Limited Her Emotional Distress Claim And Served Supplemental Discovery Responses Reflecting Those Limitations ..…….4

    **C.** Both The State Court And This Court Expressed Skepticism Regarding Defendant's Requests In Light Of Plaintiff's Emotional Distress Limitation…………………………………………………………………4

    **D.** Defendant Rejected The Same Limitation It Originally Proposed And Filed The Present Motion………………………………………….……6

**III. LEGAL ARGUMENT**…………………..…………………….……………6

    **A.** Defendant's Motion Is Premised on Superseded Discovery Responses and Ignores Plaintiff's Operative Supplemental Responses …………....………..6

    **B.** Plaintiff Has Not Waived the Federal Psychotherapist-Patient Privilege…...8

    **C.** Plaintiff Has Not Waived the Federal Psychotherapist-Patient Privilege…...9

    **D.** Plaintiff's Garden-Variety Limitation Eliminates Any Legitimate Basis for the Spring Health Records……………………………………………….……10

    **E.** Defendant's Demand for Seven Years of Physician Information Is Even More Baseless Than Its Request for Spring Health Records………………………12

    **F.** Defendant Failed to Meet And Confer Regarding Plaintiff's EDD Records And Has Not Demonstrated A Need For Plaintiff's EDD Records…………14

**IV. CONCLUSION**...............................................................................16

PLAINTIFF KATLYN COLOSIMO'S OPPOSITION TO DEFEENDANT ALERE SAN DIEGO INC'S MOTION TO COMPEL

# TABLE OF AUTHORITIES

**Cases**

*Bard IVC Filters Prods. Liab. Litig.*,

317 F.R.D. 562, 564 (D. Ariz. 2016)…………………………..………16

*Crest Catering Co. v. Superior Court*,

62 Cal. 2d 274, 277-78 (1965)…………………………………………...15

*EEOC v. Lexus Serramonte*,

237 F.R.D. 220 (N.D. Cal. 2006)………………………………..2,9,10,12

*Fritsch v. City of Chula Vista*,

187 F.R.D. 614 (S.D. Cal. 1999);………………………………1,8,10,13

*Jaffee v. Redmond*,

518 U.S. 1 (1996)………………………………………………………1, 8,10

*Roberts v. Clark Cnty. Sch. Dist.*,

312 F.R.D. 594, 603 (D. Nev. 2016)…………………………………..16

*Speaker v. County of San Bernardino*,

82 F. Supp. 2d 1105 (C.D. Cal. 2000)…………………………2,9,10,13

**Statutes**

Federal Rule of Civil Procedure 37……………………………………..…14

Fed. R. Civ. P. 26(b)(1)……………………………………………..….…16

Fed. R. Civ. P. 26(b)(2)(C)(i)……………………………...…………16

Local Rule 26.1…………………………………………………...………..14

PLAINTIFF KATLYN COLOSIMO'S OPPOSITION TO DEFEENDANT ALERE SAN DIEGO INC'S MOTION TO COMPEL

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant Alere San Diego Inc.'s ("Defendant") Motion to Compel seeks Plaintiff Katlyn Colosimo's ("Plaintiff") psychotherapy records, seven years of private medical-provider information, and EDD records despite Plaintiff's repeated efforts to voluntarily eliminate the issues in dispute and despite clear federal authority holding that such discovery is generally unavailable where a plaintiff offers to limit her claims to garden-variety emotional distress damages. Defendant has not established good cause for the discovery it seeks. Notably, Defendant's Motion completely and disingenuously relies on Plaintiff's <u>original discovery responses</u> while completely ignoring <u>Plaintiff's subsequent verified supplemental discovery responses which specifically removed any request for emotional distress above garden variety,</u> Emotional Distress Statement filed in Superior Court on November 21, 2025, which waived anything but garden variety emotional distress and Plaintiff's offer to stipulate to limiting her emotional distress to only garden variety. (Declaration of Tamar Chobanian ["Chobanian Decl."] ¶ 2). Defendant's Motion therefore seeks discovery based on allegations and theories Plaintiff has *expressly* withdrawn and no longer intends to pursue. Defendant's motion is thus in bad faith and done solely to harass Plaintiff.

As argued below, Federal courts within the Ninth Circuit have repeatedly held that a plaintiff does not waive the psychotherapist-patient privilege merely by seeking ordinary emotional distress damages. In *Jaffee v. Redmond*, the Supreme Court recognized the psychotherapist-patient privilege and rejected attempts to invade confidential therapy communications based on a litigant's asserted need for the information. Courts applying *Jaffee* have likewise held that where a plaintiff limits her claim to garden-variety emotional distress and does not intend to rely on therapists, treatment records, or expert testimony, psychotherapy records remain protected from disclosure. See *Fritsch v. City of Chula Vista*, 187 F.R.D. 614 (S.D.

1

Cal. 1999); *Speaker v. County of San Bernardino*, 82 F. Supp. 2d 1105 (C.D. Cal. 2000); *EEOC v. Lexus Serramonte*, 237 F.R.D. 220 (N.D. Cal. 2006).

Defendant's Motion rests on four primary arguments, none of which justify the extraordinary discovery sought. First, Defendant argues that Plaintiff's psychotherapy records may reveal what Plaintiff told her providers regarding the events at issue and may identify alternative sources of emotional distress. However, Defendant does not need Plaintiff's psychotherapy records to obtain that information, nor is it entitled to privileged therapy records simply because they may contain information regarding Plaintiff's emotional state. Plaintiff seeks only garden-variety emotional distress damages and has expressly disclaimed any reliance on therapy records, mental health treatment, treating providers, or expert testimony in her statement of emotional distress filed with the court (Chobanian Decl. ¶ 3, Exhibit 1). Under those circumstances, federal courts routinely reject attempts to obtain psychotherapy records merely to explore potential alternative stressors or causes of emotional distress.

Second, Defendant argues there is no less intrusive means of obtaining the information it seeks. That is plainly incorrect. Defendant may depose Plaintiff regarding her emotional distress, her feelings, the impact Defendant's conduct allegedly had on her, and any other sources of stress in her life. Indeed, federal courts repeatedly recognize that a defendant may explore garden-variety emotional distress claims through deposition testimony and other ordinary discovery without invading confidential psychotherapy records.

Third, Defendant suggests that the only way Plaintiff can preserve the confidentiality of her psychotherapy records is by abandoning emotional distress damages altogether. If Defendant's position were accepted, every plaintiff seeking ordinary emotional distress damages would be forced to choose between relinquishing emotional distress damages or exposing years of private therapy records, diagnoses, treatment history, and confidential communications.

**PLAINTIFF KATLYN COLOSIMO'S OPPOSITION TO DEFEENDANT ALERE SAN DIEGO INC'S MOTION TO COMPEL**

Finally, Defendant's request for Plaintiff's EDD records should be denied because Defendant failed to meet and confer regarding those records before filing the present Motion. (Chobanian Decl. ¶ 4). Despite extensive meet-and-confer efforts and multiple discovery conferences concerning psychotherapy records and medical-provider information, Defendant never raised or discussed any alleged deficiency concerning EDD records and therefore failed to satisfy its meet-and-confer obligations before seeking judicial intervention on that issue. (Chobanian Decl. ¶ 5). Furthermore, Defendant identifies no deficiency in Plaintiff's responses that would justify compelling additional records and instead seeks yet another category of private information which is specifically protected by privilege without demonstrating why the information already provided is insufficient.

Compounding these deficiencies, it is clear that Defendant has failed to establish relevance, proportionality, waiver, or good cause, the Motion should be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

**A. Defendant Originally Proposed Resolving The Parties' Discovery Dispute Through A Garden-Variety Emotional Distress Limitation**

During the parties' meet-and-confer efforts concerning in Superior Court regarding Defendant's exact same requests for Plaintiff's psychotherapy records and medical information, *Defendant's counsel, proposed* that Plaintiff limit her emotional distress claim to garden-variety emotional distress damages in exchange of Defendant dropping their pursuit for all of her medical records. (Chobanian Decl. ¶ 6). Plaintiff agreed to that proposal and provided Defendant with a stipulation confirming that she would limit her emotional distress claim to not more than garden variety emotional distress and would not rely on mental health treatment, therapy records, treating providers, or expert testimony in support of her emotional distress damages. (Chobanian Decl. ¶ 7.Exhibit 2 Stipulation)

3

Rather than accept the compromise it proposed, Defendant subsequently reversed course, refused to sign the stipulation, and continued demanding Plaintiff's psychotherapy records and broad medical information. (Chobanian Decl. ¶ 8). Exhibit 3 Email of Julia saying no)

**B. Plaintiff Formally Limited Her Emotional Distress Claim And Served Supplemental Discovery Responses Reflecting Those Limitations**

Following the parties' discussions regarding the scope of emotional distress damages, Plaintiff formally limited her emotional distress claim to garden-variety emotional distress damages by her supplemental responses to discovery and garden variety emotional distress statement filed with the court. (Chobanian Decl. ¶ 9, Exhibit 4).

Plaintiff also served and filed in Superior Court an Emotional Distress Statement confirming that she would seek only garden-variety emotional distress damages and would not pursue emotional distress damages based upon any diagnosable psychiatric condition or mental health treatment. (Exhibit 1(Chobanian Decl. ¶ 10) Plaintiff also served verified supplemental discovery responses confirming that she would not testify that she sought or underwent counseling, therapy, or medical treatment regarding her emotional distress and would not present medical records, therapy records, treating providers, or expert testimony in support of emotional distress damages. (Chobanian Decl. ¶ 11). Exhibit 4)

Yes, it is undisputed that Plaintiff identified Spring Health as the provider through which she received mental health services. However, Plaintiff did not identify any other mental health providers and expressly disclaimed any reliance on Spring Health treatment in support of her emotional distress claim. (Chobanian Decl. ¶ 12).

**C. Both The State Court And This Court Expressed Skepticism Regarding Defendant's Requests In Light Of Plaintiff's Emotional Distress Limitation.**

4

The parties first presented this dispute to the San Diego Superior Court during an Informal Discovery Conference before Judge Caietti on November 12, 2025. (Chobanian Decl. ¶ 13). During the conference, the court reviewed the parties' positions regarding Defendant's request for Plaintiff's psychotherapy records and broad medical information including seven years of primary care physician identification and medical records. (Chobanian Decl. ¶ 14). Judge Caietti indicated that if Plaintiff limited her emotional distress claim to garden-variety emotional distress damages, Defendant would likely not be entitled to the discovery it sought, although she was not pre-ruling. (Chobanian Decl. ¶ 15).   Judge Caietti further encouraged Defendant to reconsider its position in light of Plaintiff's proposed limitations. (Chobanian Decl. ¶ 16). However, Defendant proceeded to file multiple subpoenas and a motion to compel thereafter seeking Plaintiff's medical records and EDD records. (Chobanian Decl. ¶ 17).

After removal of this action to federal court, the parties again presented the dispute to this Court during a discovery conference with Magistrate Judge Cabral on May 11, 2026. (Chobanian Decl. ¶ 18). During that conference, Defendant argued that Plaintiff's emotional distress allegations entitled it to obtain Plaintiff's psychotherapy records and broad medical information. (*Id*) As the Court likely recalls, the Court expressed concerns regarding the proportionality of Defendant's requests in light of Plaintiff's garden-variety emotional distress limitation, reviewed Plaintiff's proposed stipulation, and instructed Defendant to seriously consider Plaintiff's proposed limitations and stipulation. (Chobanian Decl. ¶ 19).  The Court further indicated that, if Plaintiff offered to formally adopted those limitations, it was difficult to see how Defendant's requests could satisfy Rule 26's proportionality requirements, although the court was no making any final decision. (Chobanian Decl. ¶ 20).  Notably, when the Court asked Defendant to identify **why** the documents of Plaintiff's psychotherapy records, information related to primary care physicians of past seven years are relevant, and documents related to primary care,

PLAINTIFF KATLYN COLOSIMO'S OPPOSITION TO DEFEEENDANT ALERE SAN DIEGO INC'S
MOTION TO COMPEL

Defense counsel could not give a valid reason. (Chobanian Decl. ¶ 21). The Court then instructed counsel for Plaintiff to again provide Defendant's counsel with the stipulation to garden variety emotional distress. (Chobanian Decl. ¶ 22).

**D. Defendant Rejected The Same Limitation It Originally Proposed And Filed The Present Motion.**

Following the discovery conference, Plaintiff again provided Defendant with the proposed stipulation and maintained the limitations set forth in her Emotional Distress Statement and supplemental discovery responses as requested by the Court. (Chobanian Decl. ¶ 23 Exhibit 5) Defendant nevertheless refused to execute the stipulation. (*Id.*) Instead, Defendant demanded that Plaintiff abandon emotional distress damages altogether. Plaintiff declined to surrender a category of damages. (*Id.*)

Defendant thereafter filed the present Motion seeking to compel production of Plaintiff's psychotherapy records, seven years of medical-provider information, and EDD records. Notably, Defendant's Motion relies extensively on Plaintiff's original discovery responses while ignoring Plaintiff's supplemental responses and Emotional Distress Statement. As a result, Defendant seeks discovery based on claims and theories Plaintiff has expressly narrowed or abandoned, including theories that depend upon mental health treatment, therapy records, treating providers, or expert testimony that Plaintiff has repeatedly confirmed she will not rely upon in this action.

**III. LEGAL ARGUMENT**

**A. Defendant's Motion Is Premised on Superseded Discovery Responses and Ignores Plaintiff's Operative Supplemental Responses.**

Defendant's Motion should be denied at the outset because it is premised on a version of Plaintiff's claims and discovery responses that no longer exist. Defendant repeatedly relies on Plaintiff's original discovery responses identifying Spring Health, a first amended complaint describing emotional distress symptoms, while

PLAINTIFF KATLYN COLOSIMO'S OPPOSITION TO DEFEENDANT ALERE SAN DIEGO INC'S MOTION TO COMPEL

minimizing or outright ignoring Plaintiff's subsequent Emotional Distress Statement and verified supplemental discovery responses that render the original responses moot. That omission is not harmless. It is the central defect in Defendant's Motion and is done calculatedly to trick the Court.

Since serving those original discovery responses on September 3, 2025, Plaintiff has **expressly limited her emotional distress claim to garden-variety emotional distress and supplemented her discovery responses to reflect the same**. Plaintiff's supplemental responses state that she "will not claim at trial or in deposition to have suffered mental or emotional distress over and above the garden variety emotional distress" associated with the claims in her operative complaint. (Exhibit 4) Plaintiff further confirmed that she "will not testify that she sought or underwent medical treatment, counseling, or therapy regarding her mental and/or emotional health," and "will not present any medical records or argument based on medical records or expert testimony regarding her claim for emotional distress damages." (*Id.*)

Defendant's own declaration acknowledges that Plaintiff served a formal statement representing that evidence of emotional distress damages will be limited to her own testimony, that she will not offer expert testimony, that she will not testify that she sought or underwent medical treatment, counseling, or therapy for emotional distress, and that she will not present medical records or argument based on medical records.

Despite that, Defendant continues to argue as though Plaintiff is pursuing treatment-based emotional distress damages. She is not. Defendant continues to argue as though Plaintiff intends to rely on therapy records. She does not. Defendant continues to argue as though Plaintiff has placed her mental-health treatment at issue. She has expressly disclaimed any such reliance.

Defendant's Motion therefore asks the Court to compel discovery based on claims Plaintiff is no longer pursuing and evidence Plaintiff has expressly agreed not

7

to use. That is not proportional discovery under Rule 26. It is motion practice for the sake of motion practice.

**B. Plaintiff Has Not Waived the Federal Psychotherapist-Patient Privilege.**

Defendant's request for Plaintiff's Spring Health records fails because Plaintiff has not waived the federal psychotherapist-patient privilege. The Supreme Court recognized the federal psychotherapist-patient privilege in *Jaffee v. Redmond*, 518 U.S. 1 (1996), explaining that effective psychotherapy depends on confidentiality and trust. The privilege exists because disclosure of therapy communications may cause embarrassment or disgrace and may chill the frank disclosures necessary for treatment.

Defendant's Motion ignores the purpose of that privilege. Defendant argues that Spring Health records are discoverable because they may show "what she told her therapist" or "what she did not tell her therapist." But that is exactly the type of communication the privilege protects. Therapy records will almost always contain statements relevant to a plaintiff's emotions, stressors, and life events. If relevance alone defeated privilege, *Jaffee* would be meaningless.

Federal courts in California have repeatedly rejected Defendant's position. In *Fritsch v. City of Chula Vista*, 187 F.R.D. 614 (S.D. Cal. 1999), the Southern District of California held that the psychotherapist-patient privilege is waived **only** where the patient affirmatively places the privileged communications at issue, such as by calling the therapist as a witness or introducing the substance of therapist-patient communications. The court held that merely claiming emotional distress damages does not waive the privilege. (*Id.*)

Plaintiff's case is even stronger than *Fritsch*. Plaintiff is not calling a therapist to testify at trial. Plaintiff is not offering therapist testimony. Plaintiff is not introducing therapy records. Plaintiff is not claiming medical specials for therapy. Plaintiff is not claiming a diagnosable psychiatric injury. Plaintiff has instead

**PLAINTIFF KATLYN COLOSIMO'S OPPOSITION TO DEFEENDANT ALERE SAN DIEGO INC'S MOTION TO COMPEL**

expressly limited her claim to garden-variety emotional distress and disclaimed reliance on the very records Defendant seeks.

Likewise, in *Speaker v. County of San Bernardino*, 82 F. Supp. 2d 1105 (C.D. Cal. 2000), the court recognized the narrower and better-reasoned approach to waiver: a litigant does not waive the psychotherapist-patient privilege merely by seeking emotional distress damages. Waiver occurs only when the party affirmatively relies on the privileged communications themselves. Plaintiff has done the opposite here. She has affirmatively stated that she will not rely on privileged therapy communications.

*EEOC v. Lexus Serramonte*, 237 F.R.D. 220 (N.D. Cal. 2006), is also directly on point. There, the court refused to compel medical and mental-health records where the claimant sought only garden-variety emotional distress and did not intend to rely on medical or psychiatric experts. The court reasoned that defendants were not prejudiced because they could depose the claimant regarding the nature and extent of her emotional distress. The same is true here. Defendant may depose Plaintiff about the ordinary emotional distress she claims. What Defendant may not do is invade privileged psychotherapy records after Plaintiff has disclaimed any use of those records.

**C. Defendant Improperly Conflates Relevance With Waiver**

Defendant's entire Motion rests on a legally flawed premise: that because therapy records may contain relevant information, the privilege must yield. That is not the law.

Privileges protect relevant evidence. That is their purpose. Defendant's repeated insistence that the Spring Health records may bear on causation, alternative stressors, or impeachment does not establish waiver. It merely establishes that Defendant would like to review privileged material to somehow find another reason for her garden variety emotional distress.

Defendant identifies Plaintiff's father's cancer diagnosis, marriage,

**PLAINTIFF KATLYN COLOSIMO'S OPPOSITION TO DEFEENDANT ALERE SAN DIEGO INC'S MOTION TO COMPEL**

honeymoon, and urgent care visit as supposed "alternative stressors." But Defendant offers no evidence that any of these events caused Plaintiff's claimed emotional distress. Defendant instead speculates that Plaintiff's therapy records *might* contain information useful to its defense. That type of speculation is insufficient under Rule 26 and insufficient to overcome federal psychotherapist privilege.

The problem with Defendant's argument is obvious. Under Defendant's theory, every plaintiff who claims anxiety, stress, embarrassment, humiliation, or difficulty sleeping would be forced to disclose therapy records because there *might* be some other life event contributing to distress. Federal courts have rejected that approach because it would effectively destroy the privilege. Consistent with *Jaffee*, courts within 9th Circuit have repeatedly held that a plaintiff does not place her entire mental-health history at issue merely by seeking garden-variety emotional distress damages and that defendants may explore emotional distress through ordinary discovery without obtaining privileged treatment records. See *Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 621-22 (S.D. Cal. 1999); *Speaker v. County of San Bernardino*, 82 F. Supp. 2d 1105, 1112-14 (C.D. Cal. 2000); *EEOC v. Lexus Serramonte*, 237 F.R.D. 220, 224-25 (N.D. Cal. 2006). Accepting Defendant's position would effectively eliminate those protections in virtually every employment case involving emotional distress damages.

Plaintiff has not hidden the nature of her claimed emotional distress. She identified garden-variety symptoms such as anxiety, irritability, guilt, difficulty sleeping, anger, feeling overwhelmed, embarrassment, and stress. She then limited those symptoms to garden-variety distress and disclaimed any reliance on treatment or medical records. Defendant is free to ask Plaintiff about those symptoms at deposition. Defendant is not entitled to rummage through privileged therapy records.

**D. Plaintiff's Garden-Variety Limitation Eliminates Any Legitimate Basis for the Spring Health Records**

Plaintiff has done exactly what federal courts require when a party seeks to

PLAINTIFF KATLYN COLOSIMO'S OPPOSITION TO DEFEENDANT ALERE SAN DIEGO INC'S MOTION TO COMPEL

preserve psychotherapist privilege while still pursuing ordinary emotional distress damages. She has narrowed her claim. She has limited her evidence. She has given up any reliance on therapy records, medical records, expert testimony, and treatment-related testimony.

In *Smith v. Equinox Holdings, Inc.*, the Northern District of California quashed a subpoena for mental-health records where the plaintiff limited his claim to garden-variety emotional distress, did not allege a specific psychiatric injury or disorder, did not intend to offer medical records or expert testimony, and did not seek medical damages. Plaintiff has imposed the same limitations here. She is not pursuing a standalone intentional infliction of emotional distress claim. She is not claiming severe psychiatric injury. She is not relying on medical providers. She is not relying on experts. She is not relying on Spring Health. Defendant's continued insistence on Spring Health records ignores the legal effect of Plaintiff's limitation.

Defendant's position appears to be that no limitation is sufficient unless Plaintiff abandons emotional distress damages entirely. That is not the law. Federal courts do not require plaintiffs to choose between ordinary emotional distress damages and the confidentiality of privileged psychotherapy records. A plaintiff may seek garden-variety emotional distress damages while preserving the psychotherapist-patient privilege, so long as the plaintiff does not affirmatively rely on the privileged treatment. That is precisely what Plaintiff has done.

Lastly, in Defendant's moving papers, Defendant argues that Plaintiff identified Spring Health in her verified discovery responses and claim that Plaintiff also seeks reimbursement for "those very treatment visits as part of her alleged damages". (Defendants Motion to Compel 9:9-13) Plaintiff would like the Court to be unequivocally aware that this is not a true statement.  Defendant's assertion that Plaintiff seeks reimbursement for therapy expenses. Defendant cites no interrogatory response, no damages computation, and no evidence whatsoever supporting that claim. Defendant could not cite to any , because Plaintiff has never sought therapy

**PLAINTIFF KATLYN COLOSIMO'S OPPOSITION TO DEFEENDANT ALERE SAN DIEGO INC'S MOTION TO COMPEL**

expenses as damages, and Defendant's unsupported assertion cannot create relevance, good cause, or waiver where none exists and cannot be taken as a legitimate argument because it is not true.

**E. Defendant's Demand for Seven Years of Physician Information Is Even More Baseless Than Its Request for Spring Health Records.**

Defendant's demand for the identities of Plaintiff's primary care physicians and categories of all medical providers seen over the last seven years is even more improper.

This is not a disability discrimination case based on Plaintiff's own disability. Plaintiff does not allege that Defendant discriminated against her because of her own medical condition. Plaintiff does not seek damages for physical injury. Plaintiff does not seek medical expenses. Plaintiff has not placed her general medical history at issue. The operative claims concern whistleblower retaliation and associational disability-related claims, not Plaintiff's own health history.

Defendant's Special Interrogatory No. 10 seeks all medical providers, including doctors, nurses, chiropractors, therapists, psychiatrists, psychologists, counselors, and other health care professionals, from whom Plaintiff sought treatment in the past seven years. Defendant later claimed it was willing to "narrow" the request to Plaintiff's primary care physician and categories of providers seen in the last seven years, but that does not cure the problem. Defendant still has no legitimate basis to obtain a seven-year map of Plaintiff's private medical history.

In *EEOC v. Lexus Serramonte*, 237 F.R.D. 220 (N.D. Cal. 2006), the court declined to compel mental-health and medical records despite the defendant's argument that the records were relevant to emotional distress and causation. The court recognized that where a plaintiff seeks only ordinary emotional distress damages and does not intend to rely on medical evidence, the defendant may explore emotional distress through deposition testimony and other ordinary discovery without obtaining confidential medical records. The same reasoning

12

PLAINTIFF KATLYN COLOSIMO'S OPPOSITION TO DEFEENDANT ALERE SAN DIEGO INC'S MOTION TO COMPEL

applies here. Plaintiff has expressly limited her claim to garden-variety emotional distress and disclaimed reliance on medical records, treating providers, therapy records, and expert testimony. Defendant therefore has no legitimate need for seven years of physician information to defend against claims Plaintiff is not making.

Likewise, in *Fritsch v. City of Chula Vista*, 187 F.R.D. 614 (S.D. Cal. 1999), the court rejected the argument that a plaintiff's emotional distress allegations automatically place her entire medical history at issue. The court recognized that a plaintiff does not waive protection over medical and mental-health information merely by alleging emotional distress damages. Here, Defendant's requests go even further than those rejected in *Fritsch* because Defendant seeks not only records from Spring Health, but also the identities of Plaintiff's physicians and healthcare providers over a seven-year period despite no showing that those providers possess information relevant to any claim or defense in this action.

Similarly, *Speaker v. County of San Bernardino*, 82 F. Supp. 2d 1105 (C.D. Cal. 2000), rejected a broad waiver theory and recognized that plaintiffs may pursue emotional distress damages without opening the door to unrestricted discovery of private medical information. Defendant's requests effectively seek exactly what *Speaker* cautioned against, a broad examination of Plaintiff's medical history untethered to the actual claims and damages at issue.

Plaintiff has already identified in her verified supplemental discovery responses that Spring Health **as the only provider from whom she received mental-health treatment connected to the alleged emotional distress**. (Exhibit 4) She then supplemented her responses to confirm that she will not rely on that treatment in support of emotional distress damages. That should have ended this dispute.

Instead, Defendant continues to seek Plaintiff's primary care records and physician identities based on "pre-existing conditions" and "alternative stressors." This is a fishing expedition. Defendant has not identified any medical condition

13

Plaintiff placed at issue. Defendant has not identified any provider Plaintiff intends to rely upon. Defendant has not shown that Plaintiff's PCP treated her for emotional distress related to the claims. Defendant has not shown that Plaintiff's medical history is relevant to any claim or defense. Defendant simply wants to search through Plaintiff's private medical life in the hope that something useful may appear.

Rule 26 does not allow that. Discovery must be relevant and proportional to the needs of the case. A seven-year request for private physician information in a whistleblower and associational disability case, where Plaintiff has limited emotional distress to garden-variety damages and disclaimed reliance on treatment evidence, is not proportional. It is intrusive, speculative, and unnecessary.

**F. Defendant Failed to Meet and Confer Regarding Plaintiff's EDD Records and Has Not Demonstrated A Need For Plaintiff's EDD Records.**

Defendant's request for Plaintiff's EDD records should also be denied because Defendant failed to adequately meet and confer regarding those records before filing the present Motion. During the parties' extensive meet-and-confer efforts and the subsequent discovery conferences before both the state court and this Court, the parties focused primarily on Defendant's requests for psychotherapy records and broad medical-provider information. Defendant did not raise or discuss the EDD records before the discovery conferences, during those conferences, or after, and therefore failed to meet and confer with Plaintiff's counsel.

Federal Rule of Civil Procedure 37 and Local Rule 26.1 require parties to meaningfully meet and confer before bringing discovery disputes before the Court. Defendant cannot satisfy that obligation by broadly referencing categories of discovery without specifically addressing the dispute it later asks the Court to resolve. Because Defendant failed to adequately meet and confer regarding Plaintiff's EDD records before filing the present Motion, the request should be

14

denied on that basis alone.

For arguendo sake, assuming the court finds that Defendant did meet and confer regarding the EDD records, Defendant has not demonstrated a need for them. Plaintiff's EDD records are subject to statutory confidentiality protections. Under California Unemployment Insurance Code section 1094, information obtained in the administration of the EDD laws is confidential and may not be disclosed except as specifically authorized by statute. Courts have recognized that EDD records implicate significant privacy interests and are not subject to wholesale disclosure absent a showing of direct relevance and necessity. See *Crest Catering Co. v. Superior Court*, 62 Cal. 2d 274, 277-78 (1965) (recognizing confidentiality protections applicable to EDD records and limiting disclosure absent statutory authorization).

Here, Defendant has not demonstrated any compelling need for Plaintiff's EDD records, particularly where Plaintiff has already provided information regarding her post-termination employment efforts and damages through written discovery.

Furthermore, Defendant seeks Plaintiff's EDD records despite the fact that Plaintiff has already provided information concerning her post-termination employment efforts, earnings, and damages through written discovery. Specifically, Plaintiff stated in her verified discovery responses that she obtained new employment in "February 2025 until May 2025, was unemployed from May 2025 until August 18, 2025 thereafter from June 1, 2025 until August 2025, Plaintiff received EDD benefits in the amount of $450 a week." (Exhibit 4 supplemental SPROGS Request No. 6). Plaintiff also identifies all new employment she has had since her termination with Defendant with disclosure of her pay for each employment and has produced wage statements to support the statements. (*Id.*)

Rule 26 does not permit discovery merely because additional records may exist. Rather, discovery must be relevant to a claim or defense and proportional to

15

the needs of the case. Fed. R. Civ. P. 26(b)(1). The party seeking discovery bears the burden of demonstrating that the requested information is relevant and proportional. See *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016).

Here, Defendant does not explain what information it expects to find in Plaintiff's EDD records that has not already been provided through written discovery. Nor does Defendant identify any inconsistency in Plaintiff's responses that would justify further inquiry. Instead, Defendant seeks an additional category of records in the hope that something useful may be uncovered. Rule 26 does not authorize such speculative discovery. See *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) ("Discovery is not a fishing expedition and the mere hope that information may be discovered is not sufficient to justify discovery requests.").

Moreover, federal courts routinely deny requests that are cumulative of information already available through less intrusive means. See Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit discovery where the discovery sought is unreasonably cumulative or duplicative, or can be obtained from another source that is more convenient, less burdensome, or less expensive). Because Plaintiff has already provided information regarding her damages, earnings, and post-termination employment efforts, Defendant has not shown why production of EDD records is necessary.

Accordingly, Defendant has failed to establish that Plaintiff's EDD records are relevant, proportional, or necessary, and its request should be denied.

**IV. CONCLUSION**

As set forth herein, Plaintiff has expressly limited her claim to garden-variety emotional distress damages and has confirmed that she will not rely on psychotherapy records, mental health treatment, medical records, treating providers, or expert testimony in support of those damages. Despite those limitations, Defendant seeks privileged psychotherapy records, seven years of unrelated

16

medical-provider information, and EDD records based on speculation and superseded discovery responses.

Because Defendant has failed to establish relevance, proportionality, or good cause for the discovery sought, Plaintiff respectfully requests that the Court deny Defendant's Motion to Compel in its entirety.

DATED: May 28, 2026                    MOON LAW GROUP, PC

                                       By: */s/* Tamar Chobanian
                                       Kane Moon
                                       Christopher L. Garcia
                                       Tamar Chobanian
                                       Attorneys for Plaintiff
                                       KATLYN COLOSIMO

17

**PLAINTIFF KATLYN COLOSIMO'S OPPOSITION TO DEFEENDANT ALERE SAN DIEGO INC'S MOTION TO COMPEL**