UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATLYN COLOSIMO,<br><br>                              Plaintiff,<br><br>v.<br><br>ALERE SAN DIEGO, INC.; ABBOTT LABORATORIES; and DOES 1 through 25,<br><br>                              Defendants. | Case No.:  26-cv-809-LL-JAC<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL**<br><br>ECF No. 27 |

Before the Court is Defendant Alere San Diego, Inc.'s motion to compel further responses to interrogatory numbers 8 and 10, and request for production numbers 28, 38, and 39. ECF No. 27 ("Mot."). Plaintiff Katlyn Colosimo filed an opposition to the motion. ECF No. 28 ("Opp'n."). Having considered the parties' submissions, the Court **GRANTS IN PART** Defendant's motion to compel.

## Background

Plaintiff filed a Second Amended Complaint for Damages, the operative complaint, in San Diego Superior Court on February 3, 2026. ECF No. 1-3 ("SAC"). Plaintiff was employed with Defendants as a quality control technician from May 2024 to January 2025.

1

*Id.* ¶ 6. In August 2024, Plaintiff's father was diagnosed with cancer. *Id.* ¶ 7. Defendants approved Plaintiff's request to take leave under the Family and Medical Leave Act in January 2025 to care for her father after a scheduled surgery. *Id.*

Throughout her employment, Plaintiff "made multiple complaints to her supervisors and managers regarding the illegal disposal of medical equipment and related waste, hostile working environment and unsafe work practices." *Id.* ¶ 8. Plaintiff alleges she was suspended from work for making complaints, and in January 2025, Defendants terminated Plaintiff. *Id.* ¶¶ 9–10. Plaintiff claims she was terminated "in retaliation for being associated with a disabled person, needing accommodations, for taking time off of work because of her father's medical condition, her complaints of unsafe work and illegal activities, and/or for other discriminatory reasons." *Id.* ¶ 12.

Plaintiff claims because of Defendants' actions she "suffered and will continue to suffer emotional distress including but not limited to humiliation, mental anguish, [and] loss of enjoyment of life." *Id.* ¶ 74. Plaintiff brings claims for employment discrimination and retaliation under the Fair Employment and Housing Act, violations of California Labor Code, and wrongful termination. *See generally* SAC. In February 2026, Defendants removed this action to federal court. *See generally* ECF No. 1. Plaintiff has moved to remand. *See* ECF No. 13. Defendant filed the present motion following a pre-motion discovery conference with the Court. *See* ECF No. 25.

**Legal Standard**

Nonprivileged information is discoverable under Federal Rule of Civil Procedure 26 if it is relevant and proportional to the needs of the case. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

26-cv-809-LL-JAC

Fed. R. Civ. P. 26(b)(1). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *Bashinski v. United States*, No. 23-CV-01026-JO-JLB, 2024 WL 239102, at *2 (S.D. Cal. Jan. 22, 2024) (quoting *Alves v. Riverside Cnty.*, 339 F.R.D. 556, 559 (C.D. Cal. 2021)). Although relevance is defined broadly, it is not without boundaries; discovery must also be proportional. *See Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998) ("Relevance for purposes of discovery is defined very broadly."); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2014) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'") (cleaned up).

Rule 33 provides that a party may serve on any other party written interrogatories that relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a). Similarly, Rule 34 provides that a party may serve requests for documents or tangible things on any other party that relate to any matter within the scope of discovery defined in Rule 26(b). Fed. R. Civ. P. 34(a).

"A party may withhold 'information otherwise discoverable by claiming it is privileged.'" *Skyline Wesleyan Church v. California Dep't of Managed Health Care*, 322 F.R.D. 571, 583 (S.D. Cal. 2017) (quoting Fed. R. Civ. P. 26(b)(5)). "In a federal action based on diversity, such as this one, state law governs all privilege claims." *Chavez v. Sw. Key Program, Inc.*, No. 11CV1878-CAB (NLS), 2012 WL 12868258, at *1 (S.D. Cal. Aug. 2, 2012) (citing Fed. R. Evid 501). "[T]he party opposing discovery has the burden of showing that discovery should not be allowed." *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The Court has "broad discretion" to "permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (quoting *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)).

//

//

//

//

**Analysis**

Defendant seeks to compel information and documents related to (1) Plaintiff's medical providers and medical records and (2) Plaintiff's California Employment Development Department (EDD) records.

**A.      Records of Plaintiff's Health Care Providers**

Related to Plaintiff's medical providers and medical records, Defendant made the following requests:

Special Interrogatories No. 8: IDENTIFY all medical providers, including, but not limited to, medical facilities, doctors, nurses, chiropractors, therapists, psychiatrists, psychologists, counselors and other health care professionals, from whom YOU have sought treatment in connection with any physical, mental, or emotional injury that YOU attribute to any DEFENDANT. . . .

Special Interrogatories No. 10: IDENTIFY all medical providers, including but not limited to, medical facilities, doctors, nurses, chiropractors, therapists, psychiatrists, psychologists, counselors, and other health care professionals, from whom YOU have sought treatment in the past seven (7) years.

Request for Production of Documents No. 38: All DOCUMENTS RELATING TO treatment YOU received in the past seven (7) years from any and all medical providers, including, but not limited to, medical facilities, doctors, nurses, chiropractors, therapists, psychiatrists, psychologists, counselors and other health care professionals. . . .

Request for Production of Documents No. 39: All DOCUMENTS RELATING TO treatment YOU received as a result of DEFENDANTS' alleged conduct, from any and all medical providers, including, but not limited to, medical facilities, doctors, nurses, chiropractors, therapists, psychiatrists, counselors and other health care professionals. . . .

Trankiem Decl. ¶ 2, Ex. A (emphasis in original). In conjunction with the requests, Defendant asked Plaintiff to execute authorizations to release Plaintiff's medical records from all of Plaintiff's medical providers spanning the past seven years. *Id.* In her initial responses, Plaintiff objected based on relevance, vagueness, privilege, and privacy rights. Chobanian Decl. ¶ 11, Ex. 4. Plaintiff identified Spring Health "for mental health therapy"

26-cv-809-LL-JAC

as the only provider responsive to Special Interrogatory No. 8. *Id.* On November 21, 2025, Plaintiff filed a "Statement Regarding Plaintiff's Claims for Emotional Distress Damages" in state court, which provided:

1.    Plaintiff will not claim at trial or in deposition to have suffered mental or emotional distress over and above the garden variety emotional distress that is usually associated with the injuries claimed by Plaintiff in her Complaint and operative First Amended Complaint. Therefore, Plaintiff is waiving her right to claim above the garden variety emotional distress throughout the course of the remainder of this action, including at trial.

2.    Further, evidence presented by Plaintiff at trial regarding emotional distress damages shall be limited to Plaintiffs own testimony. Plaintiff will not designate any expert for trial for the purposes of emotional distress. Plaintiff will offer no expert testimony, by any retained or non-retained expert, at trial regarding any mental and/or emotional distress damages, nor will she testify that she sought or underwent medical treatment, counseling, or therapy regarding her mental and/or emotional health, nor will she present any medical records or argument based on medical records or expert testimony regarding her claim for emotional distress damages.

Chobanian Decl. ¶ 3, Ex. 1. In a supplemental response to Special Interrogatory No. 8, Plaintiff added that she "has not received any other mental health treatment in the past 7 years." Chobanian Decl. ¶ 11, Ex. 4. Plaintiff also referenced the limiting statement filed with the state court and reiterated that she will not claim to have suffered mental or emotional distress over and above the garden variety emotional distress. *Id.*

In its Motion, Defendant cites Plaintiff's original interrogatory responses and allegations in the Complaint in support of its position that Defendant is entitled to discover additional information concerning Plaintiff's mental health records and other health care providers and records. Mot. at 11–12. Defendant argues that "Plaintiff cannot offer self-serving testimony while blocking the contemporaneous medical records that would test it as well as the credibility of her testimony concerning the events at issue in this case." *Id.* at 22. Defendant relies on *Doe v. City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999), in

26-cv-809-LL-JAC

which the court found that "privilege does not protect communications concerning a plaintiff's emotional condition *if the patient relies upon the condition as an element of her claim.*" *Doe*, 196 F.R.D. at 568 (emphasis in original). Defendant also relies on *Rangel v. Am. Med. Response W.*, No. 1:09-CV-01467 AWI, 2010 WL 5477675, at *1 (E.D. Cal. Dec. 30, 2010), in which the court compelled disclosure of the plaintiff's mental health treatment records because the plaintiff's harassment allegations against the defendant coincided with "daily harassment and abuse from a former fiancé." *Rangel*, 2010 WL 5477675, at *5.

In her opposition, Plaintiff argues that the records sought by Defendant are privileged, confidential, and protected from disclosure by the patient-psychotherapist privilege. Opp'n at 8–9. Plaintiff also contends that the records requested are not proportional to the needs of the case because "Plaintiff has limited emotional distress to garden-variety damages and disclaimed reliance on treatment evidence." *Id.* at 14. Plaintiff cites to several California district courts that have held that plaintiffs alleging garden variety emotional distress damages do not waive psychotherapist-patient or privacy privileges. The Supreme Court first recognized the psychotherapist-patient privilege in *Jaffe v. Redmond*, 518 U.S. 1 (1996). The Supreme Court held "that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffe*, 518 U.S. at 15 (1996). The Court's recognition of the psychotherapist-patient privilege was based in part on a recognition that "[e]ffective psychotherapy . . . depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears." *Id.* at 10. Like other privileges, "the patient may of course waive the protection." *Id.* at 15 n.14.

In one case Plaintiff relies on, *E.E.O.C. v. Serramonte*, 237 F.R.D. 220 (N.D. Cal. 2006), the EEOC brought suit on behalf of a female employee who alleged sexual harassment by the defendants. *Id.* at 222. The employee claimed "emotional distress,

26-cv-809-LL-JAC

indignity, loss of enjoyment of life, loss of self-esteem, and humiliation." *Id.* The employee did not claim ongoing emotional distress, nor did the EEOC intend to offer expert testimony or evidence from any medical records to support her emotional distress claim. *Id.* The defendants sought the employee's medical records, contending that the records were needed to establish her "veracity and whether she had a preexisting condition which caused her distress." *Id.* The EEOC moved to quash, asserting that the employee had not waived her privacy rights by bringing a garden variety claim for emotional distress. *Id.*

The *Serramonte* court found that a claim of "severe" emotional distress alone does not justify disclosure of any medical records. *Id.* at 224. The court found that the employee had a right of privacy under both the federal and California constitutions, which was not waived "by asserting more than a garden-variety claim of emotional distress." *Id.* at 223–24 (citing California Constitution, Article I, section 1; *Griswold v. Connecticut*, 381 U.S. 479, 484 (1965); *Turner v. Imperial Stores*, 161 F.R.D. 89, 97 (S.D. Cal. 1995)). When a claim for emotional distress damages "does not exceed the suffering and loss an ordinary person would likely experience in similar circumstances," the plaintiff's claim "constitutes matters that are within the everyday experience of the average juror." *Id.* (quoting *Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 632 (S.D. Cal. 1999)) (quotation marks omitted). The court explained that "[t]he 'test' of whether the defendants should obtain access to [the plaintiff's] medical records is not relevance—the records may be highly relevant—but the test is whether the privilege has been waived by putting the privileged information at issue." *Id.* (quoting *Fritsch*, 187 F.R.D. at 632). The *Serramonte* court held that where the plaintiff had volunteered that she suffered garden-variety emotional distress and did not intend to use physician testimony or present evidence regarding any treatment, the plaintiff's "medical records are privileged by her right to privacy under California and federal law." *Id.*

Like in *Serramonte*, the Court finds that Plaintiff's mental health records from Spring Health fall within the ambit of the psychotherapist-patient privilege and her right to privacy. Plaintiff's claim for "garden variety" emotional distress damages based on

26-cv-809-LL-JAC

Defendant's alleged wrongful conduct and Plaintiff's loss of employment did not waive that privilege. Plaintiff has taken steps to limit herself to a garden variety emotional distress claim in this case. The "Statement Regarding Plaintiff's Claims for Emotional Distress Damages" limits the type of evidence Plaintiff may present in support of her emotional distress claim. Plaintiff has agreed that she will not introduce medical evidence or expert testimony. Plaintiff cannot reasonably claim beyond "suffering and loss an ordinary person would likely experience in similar circumstances." *Serramonte*, 237 F.R.D. at 223. To find Plaintiff has waived the psychotherapist-patient privilege in these circumstances would render the privilege and a person's right to privacy meaningless in every case where a plaintiff has alleged emotional distress, even if such a claim has been limited to "garden variety."

As for Plaintiff's medical records and health providers spanning the past seven years, Defendant has failed to make a threshold showing that the requested information and documents are relevant and proportional to the needs of the case. Plaintiff has not alleged any physical injuries due to Defendant's conduct, nor does it appear that she had identified any medical providers beyond Spring Health as having discoverable information. Defendant's request is akin to an improper fishing expedition. *See Rivera*, 364 F.3d at 1072.

Accordingly, the Court **DENIES** Defendant's motion to compel Plaintiff to identify her medical providers for the last seven years and execute authorizations to release medical records from Spring Health or other health care providers.

**B.  Plaintiff's California EDD Records**

Related to Plaintiff's EDD records, Defendant requested the following:

Request for Production of Documents No. 28: All DOCUMENTS concerning any application for, the pursuit of and/or receipt of unemployment compensation benefits or disability benefits by YOU and all documents YOU have sent to or received from the California Employment Development Department or the Social Security Administration for disability benefits between June 1, 2024 and the present. . . .

26-cv-809-LL-JAC

Trankiem Decl. ¶ 2, Ex. A (emphasis in original). Defendant additionally requested that Plaintiff execute an authorization to the California EDD to release records. *Id.* In its Motion, Defendant claims it is entitled to discover additional information concerning Plaintiff's EDD records because they are relevant to Plaintiff's claimed damages and mitigation efforts. Mot. at 23.

In opposing the request, Plaintiff relies on California Unemployment Insurance Code § 1094 and *Crest Catering Co. v. Superior Court of Los Angeles County*, 62 Cal. 2d 274 (1965), to assert that documentation submitted to the EDD is privileged, and therefore, not subject to discovery.[1] California Unemployment Insurance Code § 1094 provides that the information delivered to the Department of Employment is "not be open to the public" and "shall not be admissible in evidence in any action or special proceeding." Cal. Unemp. Ins. Code § 1094(a)–(b). But the Supreme Court of California in *Crest* found that while California Unemployment Insurance Code §§ 1094 and 2111 serve to protect "the confidentiality of information submitted to the Department of Employment," a party may waive such statutory protections by engaging in "an act which, according to its natural import, is so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." *Crest*, 62 Cal. 2d at 278. Courts in this district have found that filing an employment discrimination action "is inconsistent with the continued assertion of the protections of the California Unemployment Insurance Code for documents pertaining to unemployment benefits." *Romano v. AT&T Mobility Servs., LLC*, No. 320CV00698JLSKSC, 2020 WL 6741677, at *3 (S.D. Cal. Nov. 17, 2020). To the extent

---

[1] Plaintiff additionally argues that Defendant failed to adequately meet and confer on issues related to this request under Rule 37 and Local Rule 26.1; however, Defendant raised the EDD records issue in the parties' joint statement to the Court and at the pre-motion discovery conference held on May 11, 2026. Since the issue was raised to the Court and Plaintiff did not argue at that time that Defendant failed to adequately meet and confer, the Court declines to find that Defendant's meet and confer efforts were insufficient under the applicable rules.

26-cv-809-LL-JAC

Plaintiff has legitimate privacy concerns, the Court finds that such concerns can be mitigated by the parties' joint protective order. *See* ECF No. 20.

Accordingly, the Court **GRANTS** Defendant's motion to compel Plaintiff to execute an authorization to release EDD records.

### Conclusion

Based on the foregoing, the Court **GRANTS IN PART** Defendant's motion. Plaintiff shall amend her responses to RFP No. 28 and produce a signed authorization for California Employment Development Department records within 5 business days of the date of this Order.

**IT IS SO ORDERED**.

Dated:  June 15, 2026

_____
Hon. Janet A. Cabral
United States Magistrate Judge

26-cv-809-LL-JAC